# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANDREW JEFFERSON,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

Case No. 2:14-cv-01901-GMN-VCF

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 6).

**I. Procedural History**

    This case arises from petitioner's conviction in the Eighth Judicial District Court, Clark County, Nevada. On May 18, 2012, petitioner was charged by information with one count of burglary. (Exhibit 2).[1] On July 2, 2012, petitioner signed a guilty plea agreement to one count of burglary and sentencing under the small habitual criminal statute, in exchange for the dismissal of other criminal charges. (Exhibit 3). Sentencing was continued several times. (Exhibits 5, 6, 7). The judgment of conviction was entered on November 1, 2012, indicating that petitioner was adjudged guilty of burglary and was adjudicated a habitual offender under the small habitual

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 7.

offender statute (NRS 207.010). (Exhibit 9). Petitioner was sentenced to a maximum of 216 months incarceration, with minimum parole eligibility after 72 months served, and 248 days credit for time served. (*Id.*). Petitioner did not file a direct appeal.

On November 19, 2013, petitioner filed a *pro se* post-conviction habeas petition in state district court. (Exhibit 11). On January 21, 2014, the state district court dismissed the petition as time-barred, because the post-conviction habeas petition was not filed within one year of the entry of the judgment of conviction. (Exhibit 15).[2] Petitioner appealed. (Exhibit 16). On July 23, 2014, the Nevada Supreme Court affirmed the dismissal of the untimely post-conviction habeas petition, finding that petitioner failed to demonstrate good cause to excuse the untimely filing of the petition. (Exhibit 20). Remittitur issued on August 21, 2014 (Exhibit 21).

Petitioner dispatched his *pro se* federal habeas petition to this Court on October 8, 2014. (ECF No. 4, at p. 1, item 5). Respondents have filed the instant motion to dismiss the petition on the basis that the petition is untimely. (ECF No. 6). No opposition or reply was filed.

**II. Discussion**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] The state district court's written order denying the petition was filed on March 11, 2014. (Exhibit 18).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Once the judgment of conviction becomes final, the petitioner has 365 days to file a federal habeas petition, with tolling of the time for filing during the pendency of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d)(1), (2). A habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).

A criminal defendant in Nevada has thirty days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b). If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d at 898. Once the judgment of conviction is final, the defendant has one year to file a federal habeas petition. 28 U.S.C. § 2244(d).

In the present case, petitioner's judgment of conviction was filed on November 1, 2012. (Exhibit 9). Petitioner did not pursue a direct appeal of his judgment of conviction. Where a petitioner does not appeal from his judgment of conviction, the one-year AEDPA limitations period

begins to run on the date on which the time to seek appeal expires. 28 U.S.C. § 2244(d)(1)(a); NRAP 4. Petitioner's conviction became final on December 1, 2012, which was the deadline for filing a direct appeal from the judgment of conviction. The one-year AEDPA statute of limitations began to run on December 2, 2012, and expired on December 2, 2013. The first page of the federal habeas petition indicates that the petition was dispatched (given to prison staff for mailing) to this Court on October 8, 2014. (ECF No. 4, at p. 1, item 5).[3] As such, the federal petition was filed over ten months after the AEDPA statute of limitations had expired.

The Court notes that petitioner's state post-conviction habeas petition, which was untimely filed on November 19, 2013, did not statutorily toll the AEDPA statute of limitations. (Exhibit 11). The state district court denied the petition as untimely. (Exhibits 15 & 18). In the order of affirmance filed July 23, 2014, the Nevada Supreme Court held that petitioner's post-conviction state habeas petition was untimely pursuant to NRS 34.726 and that petitioner failed to demonstrate good cause for the delay in filing his petition. (Exhibit 20). Because it was untimely under state law, the state post-conviction habeas petition was not a "properly filed application" that would toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo,* 544 U.S. at 412-16. Because the federal petition is untimely, it must be dismissed with prejudice.

**III. Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

---

[3] This Court deems petitioner's federal petition to be filed on October 8, 2014. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing).

constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong.  The Court therefore denies petitioner a certificate of appealability.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this __25__ day of  March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court